UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| HAROLD UHANE JIM and CHRISTOPHER YOUNG,<br><br>               Plaintiffs,<br><br>    vs.<br><br>STATE OF HAWAII - DEPARTMENT OF HAWAIIAN HOME LANDS, COUNTY OF HAWAII, HARRY KIM, JOBIE MASAGATANI, MAKUʻU FARMERS MARKET ASSOCIATION, PAULA KEKAHUNA, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, and DOE GOVERNMENT ENTITIES 1-10,<br><br>               Defendants. | CIV. NO. 18-00076 DKW-RLP<br><br><br>**ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND** |

On January 23, 2018, Pro Se Plaintiffs Harold Uhane Jim and Christopher Young filed a Complaint (Dkt. No. 1-2) initiating the instant lawsuit in the Circuit Court of the Third Circuit, State of Hawaii. On February 28, 2018, Defendants County of Hawaiʻi and Harry Kim ("County Defendants") removed the matter to this Court. Notice of Removal, Dkt. No. 1. Before the Court are separate-but-related motions to dismiss the complaint filed by the County Defendants (Cty.

MTD, Dkt. No. 6) and by Defendants State of Hawaii Department of Hawaiian

Home Lands (the "Department") and Jobie Masagatani (collectively "State

Defendants"; State MTD, Dkt. No. 9).[1]

For the reasons set forth below, the Motions to Dismiss are GRANTED, and

the Complaint is DISMISSED WITHOUT PREJUDICE.  Plaintiffs are permitted

30 days' leave to amend the Complaint, consistent with the terms of this Order.

## BACKGROUND

This lawsuit arises out of an alleged incident that occurred on November 6,

2016, when Young and another individual chauffeured Jim to the "Maku'u

[Farmers Market] Association establishment," which is located "upon Hawaiian

home lands in Puna, Hawai'i" (Compl. ¶ 8, Dkt. No. 1-2), to protest a policy of the

Department of Hawaiian Homelands (Compl. ¶ 9).  During the visit, Plaintiffs

allege that Kekahuna, executive officer of the Maku'u Farmers Market Association

(the "Association"), physically assaulted Jim, causing injuries to his person.

Compl. ¶¶ 5, 11–12, Dkt. No. 1-2.  Plaintiffs further claim that the Association

served Plaintiffs with improper notice of criminal trespass, which caused them

emotional and other harm:

---

[1] It does not appear that the two additional named Defendants, Paula Kekahuna or Maku'u
Farmers Market Association, are represented by either the County Defendants or the State
Defendants, and no appearance has been entered in the case on their behalf.  Nonetheless, they
presumably consented to removal.  *See* Suppl. Decl. Re: Notice of Removal at ¶ 3, Dkt. No. 5
(representing that all defendants consented to removal).

10.     . . . Ke[k]ahuna, and member of the . . . Association was upset by the "notice" was giving and she stated to . . . JIM to [leave] the premises. . . .    Jim, went to next establishments engaged in selling and he bought pastries in places of public accommodation.

11.     . . . Ke[k]ahuna and member of the Association DBA native Hawaiian race-based grabbed . . . Jim [from] the back and pulled him [a]way [from] the establishments to [the] ground, to be dragged along the ground 20 feet, 85 year old man handicap person, was beetling and in obvious pain, then [the] Association served Plaintiffs . . . , notice for trespassing, before being taken to the Hilo Medical Center to have his injuries checked by a medical doctor.

12.     As a result of the excessive nature of the actions of the Defendants . . . , Jim have suffered emotional and psychological trauma, as well as financial loss, thereby and also . . . Young suffered emotional distress and verbally threatened, as well as financial loss . . . .

13.     Plaintiff alleges that it is the duty of the Defendants and their employees to carry out their duties reasonably, and not to use excessive means to affect a simple "notice of protest." Defendants MOA race-based, practicing discrimination or showing prejudice, Plaintiffs further allege that the governmental function was lost by the excessive nature in which it was carried out. . . .    Plaintiffs allege the action of the Defendants not only the use of excessive force to prevent the Plaintiffs from protesting the action of the Defendants and their employees.    But also intimidation to prevent Plaintiffs from exercising their Hawaii and United States Constitutional Right of freed of speech, protest, association and the basic right to pursue their liberty interest without Defendants action to prevent the free exercise of their Right.

Compl. ¶¶ 8–13, Dkt. No. 1-2.

Plaintiffs filed suit in state court on January 23, 2018, alleging eight causes of action, including—Assault/Battery ("Count I"; Compl. ¶¶ 14–15); Intentional and/or Negligent Infliction of Emotional Distress ("Count II"; Compl. ¶¶ 16–17); "False Pretension and/or False Representation" ("Count III"; Compl. ¶¶ 18–19); "Extent of Trespasser's Liability for Harm," which is based on the "notice of criminal act" ("Count IV"; Compl. ¶¶ 20–21); Civil Rights Torts under 42 U.S.C. § 1983 for their actions described in Counts I–IV ("Count V"; Compl. ¶¶ 22–23); "Fourteenth Amendment Claims (Due Process)" under 42 U.S.C. § 1983 for "intimidat[ing] and prevent[ing] the Plaintiffs from exercising their substantive rights" ("Count VI"; Compl. ¶¶ 24–25); Fourth Amendment and Common Law Tort Claims under 42 U.S.C. § 1983 for "excessive and unreasonable force to deprive Plaintiffs from the rights as alleged before" ("Count VII"; Compl. ¶¶ 26–27); and Punitive Damages ("Count VIII"; Compl. ¶¶ 28–29).[2]

From what the Court can discern, Plaintiffs named Jobie Masagatani, chairperson of the Department (Compl. ¶ 3), Hawaiʻi Mayor Harry Kim (Compl. ¶ 6), and Paula Kekahuna, executive officer of the Association (Compl. ¶ 5), as defendants for "act[ing] under color of law" to deprive Plaintiffs of their various

---

[2]The Court notes that the Complaint does not specify which Counts are alleged against which Defendants, so the Court assumes Plaintiffs intend to assert each cause of action against each Defendant. *See generally Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).

constitutional rights. *See* Compl. ¶ 13 (explaining that Masagatani and Mayor Kim are "sued in their capacity as government employees and as individual persons acting in their individual capacity" and that Kekahuna and the Association are each sued individually and "in their official capacity for Association"). Plaintiffs seek unspecified monetary damages and "[s]uch other and further relief as the Court deems just and appropriate." Compl. ¶¶ A–H, Dkt. No. 1-2.

County Defendants removed the case to federal court on February 28, 2018 (Dkt. No. 1) and moved to dismiss all claims colorably alleged in the Complaint on March 6, 2018 (Dkt. No. 6). *See* Mem. in Supp. of Cty. MTD at 2, Dkt. No. 6-1. State Defendants filed their related motion to dismiss all claims on March 15, 2018. State MTD, Dkt. No. 9; Mem. in Supp. of State MTD, Dkt. No. 9-1.

On May 2, 2018, Plaintiffs requested an extension of time to respond to the Motions to Dismiss and to object to the removal. Verification Pl.'s Request for Extension, Dkt. No. 14. The Court granted Plaintiffs' request in part, allowing Plaintiffs until May 29, 2018 to respond to the Motions to Dismiss, but denying an extension of time to object to removal. Entering Order, Dkt. No. 15. Notwithstanding the Court's ruling, Plaintiffs objected to removal anyway on June 8, 2018 (Dkt. No. 19), objections which this Court denied as untimely. *See* Entering Order, Dkt. No. 20 (quoting 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction

must be made within 30 days after the filing of the notice of removal.")).  Plaintiffs did not file any response to the Motions to Dismiss—either by the May 29, 2018 extended deadline or since (*see* Dkt. No. 18)—and the Court opted to decide the Motions to Dismiss without a hearing, under Local Rule 7.2(d).  The instant disposition follows.

## LEGAL STANDARDS

*Motion to Dismiss For Failure to State a Claim*

The Court may dismiss a complaint under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for "failure to state a claim upon which relief can be granted" when there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged."  *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  In other words, a plaintiff is required to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not constitute a short and plain statement of the claim showing that the pleader is entitled to relief, as required by FRCP 8(a)(2). *Id.* at 677, 679 (explaining that the Federal Rules "do[] not require 'detailed factual allegations,' but [they] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *See Iqbal*, 556 U.S. at 678 (explaining that the construed-as-true/light-most-favorable tenet "is inapplicable to legal conclusions"); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . , a plaintiff's obligation to provide the 'grounds' of his [or her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Moreover, the court need not accept as true allegations that contradict matters properly subject to judicial notice,

nor must it assume that allegations contradicted by the exhibits attached to the complaint are true. *Sprewell*, 266 F.3d at 988. As the Ninth Circuit has explained, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### *Motion to Dismiss for Lack of Subject Matter Jurisdiction*

A court's subject matter jurisdiction may be challenged under FRCP 12(b)(1). The parties may also raise the issue of subject matter jurisdiction at any time under FRCP 12(h)(3), *Augustine v. United States*, 704 F.2d 1074, 1075 n.3 (9th Cir. 1983), and a federal court must generally "satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)). On a Rule 12(b)(1) motion to dismiss, "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine*, 704 F.2d at 1077 (citing *Thornhill Publ'g Co. v. Gen. Tel. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)); *see also McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. *Billingsley v. Comm'r of Internal*

*Revenue Serv.*, 868 F.2d 1081, 1085 (9th Cir. 1989) ("[T]he court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." (quoting *Augustine*, 704 F.2d at 1077)).

### Leave to Amend

Under Rule 15(a)(2) of the FRCP, leave to amend a party's pleading "should [be] freely give[n] . . . when justice so requires." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (explaining that "the underlying purpose of [FRCP] Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities") (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). Further, the Ninth Circuit has explained that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citing *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962); *Erlich v. Glasner*, 352 F.2d 119, 122 (9th Cir. 1965)). Nonetheless, leave to amend may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Mayes v. Leipziger*, 729 F.2d 605, 608 (9th Cir. 1984) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

With these standards in mind, the Court turns to the Motions to Dismiss.

## DISCUSSION

For the reasons set forth below, the Motions to Dismiss (Dkt. Nos. 6 & 9) are GRANTED. The Court recognizes, however, that "[u]nless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013). Plaintiffs may therefore file an amended complaint within the parameters set forth below.

## I.   Claims Against Immune Parties Are Dismissed With Prejudice.

The Court first addresses the claims against the official-capacity defendants who are absolutely immune from suit based on the allegations in the Complaint.

All claims for damages against the State entities and state officials acting in their official capacities are barred by the Eleventh Amendment to the United States Constitution. *See Will v. Mich. Dep't State Police*, 491 U.S. 58, 71 (1989) (explaining that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and it is therefore "no different from a suit against the State itself") (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)); *see also*

*Linville v. Hawaii*, 874 F. Supp. 1095, 1103–04 (D. Haw. 1994) (explaining that

the State of Hawaii has not waived its sovereign immunity for civil rights actions

brought in federal court); *Sherez v. Haw. Dep't of Educ.*, 396 F. Supp. 2d 1138,

1142–43 (D. Haw. 2005) (dismissing claims against state agency and state official

in his official capacity based on Eleventh Amendment immunity).

Accordingly, insofar as the allegations in the Complaint implicate the

Department and Masagatani in her official capacity as its chair, those claims are

barred by Eleventh Amendment immunity and are DISMISSED WITH

PREJUDICE.

## II.     The Complaint Fails to State a Section 1983 Claim.

Under Title 42 of the United States Code, Section 1983—

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of
> Columbia, subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action
> at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but

merely provides a method for vindicating federal rights elsewhere conferred."

*Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 43

U.S. 137, 144 n.3 (1979)) (internal quotation marks omitted); *Albright v. Oliver*,

510 U.S. 266, 271 (1994) (quoting *Baker*, *supra*).  The purpose of Section 1983 is

to deter state actors from using "the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254–57 (1978) (explaining that Section 1983 "was intended to '[create] a species of tort liability' in favor of persons who are deprived of 'rights, privileges, or immunities secured' to them by the Constitution") (citations omitted)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). Here, the Complaint's Section 1983 claims are deficient for numerous reasons.

First, the Complaint is impermissibly vague with respect to the conduct of each defendant that gives rise to his or her Section 1983 liability. In particular, the Court cannot discern any cognizable claim against the Department, the County of Hawaiʻi, Mayor Kim, or Masagatani based upon those Defendants' own conduct. That is, although the County and State Defendants are named in the caption and described in the Complaint, none are alleged to have done anything to cause or contribute to Plaintiffs' injuries. To the contrary, Plaintiffs appear to have been aggrieved by, if anyone, Kekahuna and the Association. As such, even if the State

Defendants were not immune from suit, Plaintiffs' vague, conclusory allegations of violations of federal law or constitutional rights are insufficiently alleged with respect to those defendants. *See Nichols v. Logan*, 355 F. Supp. 2d 1155, 1165 (S.D. Cal. 2004) ("A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains.'") (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).[3] Therefore, Plaintiffs have failed to plead violations of Section 1983 with respect to the County and State Defendants.

Second, Plaintiffs also have not sufficiently pled a claim for municipal liability against the County Defendants. A plaintiff may establish municipal liability under Section 1983, as recognized in *Monell v. Department of Social Services of the City of New York et al.*, 436 U.S. 658, 691 (1978), by showing at least one of the following:

> (1) conduct pursuant to an official policy inflicted the injury;
> (2) the constitutional tort was the result of a "longstanding practice or custom which constitutes the standard operating

---

[3]To the extent the claims against any official are based upon supervisory liability or a policy promulgated by the supervisor, the Complaint fails to identify the specific policy or establish a "direct causal link" between that policy and the alleged constitutional deprivation. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.").

procedure of the local government entity"; (3) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (4) an official with final policy-making authority "delegated that authority to, or ratified the decision of, a subordinate."

*Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008). Here, Plaintiffs do not allege that an official municipal policy, practice, or custom caused their injury, *see Pearce*, 954 F.2d at 1473–74 (citing *Monell*, 436 U.S. at 691; *Harris*, 489 U.S. at 389), nor do they identify an official who ratified the actions of Kekahuna and/or the Association, allege what that official did that constitutes ratification, or when that official acted, *see Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999) ("Ratification requires, among other things, [proof of a policymaker's] knowledge of the alleged constitutional violation." (citations omitted)); *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996) (noting that ratification is shown where a plaintiff can prove that an official with final policy-making authority deliberately chose to endorse a subordinate's conduct and the basis for it) (citing, *Gillette v. Delmore*, 979 F.2d 1342, 1347 (9th Cir. 1992); *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). These are the facts to which the defense, at a minimum, would be entitled to allow for further inquiry and investigation. *See Wallace v. Kato*, 549 U.S. 384, 393 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action" does not comply with federal pleading standards, "[n]or does a complaint suffice if it tenders 'naked

assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (or 1949) (quoting *Twombly*, 550 U.S. at 555, 557). Accordingly, the Complaint fails to state a Section 1983 claim against the County of Hawai'i and Mayor Kim, in his official capacity, under *Monell*.

Third, Section 1983 claims do not generally lie against private parties such as Kekahuna and the Association. To state a claim under Section 1983, a plaintiff must allege the violation was committed by a person acting under color of state law. Individuals and private entities are not normally liable under Section 1983, given these requirements, because they "are not generally acting under color of state law, and . . . '[c]onclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.'" *Price v. Hawaii*, 939 F.2d 702, 708 (9th Cir. 1991) (quoting *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984)); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936–37 (1982). The ultimate issue in determining whether a person is subject to suit under Section 1983 is whether the alleged infringement of federal rights is fairly attributable to the government. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (citation omitted); *see Lugar*, 457 U.S. at 939 ("Action by a private party pursuant to this statute, without something more, was not sufficient to justify a characterization of that party as a 'state actor.'"). Here, the Complaint offers no facts to support a finding that Kekahuna or the Association

acted under color of state law for purposes of Section 1983 liability. Accordingly, Plaintiffs' Section 1983 claims cannot lie against them.

Fourth, Plaintiffs fail to state a Fourteenth Amendment claim for a violation of their "Constitutional rights . . . to Due Process." Compl. ¶ 25, Dkt. No. 1-2 (alleging such a violation as a result of Defendants' "actions . . . to intimidate and prevent the Plaintiffs from exercising their actions substantive rights due to the Defendants serious, shocking action of derivations of liberty and property"). The Fourteenth Amendment prohibits the deprivation of liberty or property without due process of law. *Schroeder v. McDonald*, 55 F.3d 454, 462 (9th Cir. 1995). A plaintiff bringing a due process claim must show that there is a protected property or liberty interest at stake. *Bd. of Regents v. Roth*, 408 U.S. 564, 569–70 (1972); *Schroeder v*, 55 F.3d at 462 (citing *Roth*, *supra*). Plaintiffs identify no such property or liberty interest they claim they were denied when they received a "notice for trespassing" on November 6, 2016. Moreover, even assuming that such an interest existed, Plaintiffs have not alleged that they were entitled to procedural protections over and above those afforded. *See Roth*, 408 U.S. at 570 n.7 (explaining that due process requires notice and an opportunity to be heard). Nor do they state a claim for violation of their rights to equal protection.[4]

---

[4]Plaintiffs do not state a Fourteenth Amendment-based Equal Protection claim because they do not allege that they are members of a "suspect" class or argue that they were treated differently than others similarly situated due to some arbitrary classification. *See, e.g.*, *Sistemas Urbanos,*

Consequently, Plaintiffs fail to state a Section 1983 claim for violation of the Fourteenth Amendment.

Fifth, Plaintiffs fail to state a Fourth Amendment claim based upon their allegations of excessive force arising out of the November 6, 2016 incident.[5] Compl. ¶ 27, Dkt. No. 1-2. Beyond the specific prohibition of excessive force, the Fourth Amendment generally proscribes "unreasonable intrusions on one's bodily integrity and other harassing and abusive behavior that rises to the level of 'unreasonable seizure.'" *Fontana v. Haskins*, 262 F.3d 871, 878–79 (9th Cir. 2001) (quoting *Headwaters Forest Def. v. Cty. of Humboldt*, 240 F.3d 1185, 1199 (9th Cir.), *vacated on other grounds*, 122 S. Ct. 24 (2001)). To state a claim for excessive force, a plaintiff must allege facts showing that an official used or caused to be used objectively unreasonable force against him. *See Brosseau v. Haugen*, 543 U.S. 194, 197 (2004) (citing *Graham*, 490 U.S. at 388). Here, Plaintiffs allege

---

*Inc. v. Lugo Ramos*, 413 F. Supp. 2d 96 (D.P.R. 2006) (explaining that, in addition to selective treatment as compared to others similarly situated, the plaintiff must also prove that "such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person") (quoting *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 61 (1973)); *Badea v. Cox*, 931 F.2d 573, 577 (9th Cir. 1991) (determining that equal protection claim failed because, *inter alia*, "Plaintiff has given no indication, if he was 'singled out,' that defendants' decision was based on group discrimination"); *Maui Vacation Rental Ass'n, Inc. v. Cty. of Maui*, 2007 WL 4440962, *11 (D. Haw. Dec. 19, 2007) (stating that the complaint, which merely "state[d] in a conclusory fashion that Plaintiff's equal protection rights were violated" but "contain[ed] no facts stating how" those rights were violated, was "insufficient to establish that Plaintiff is entitled to relief"), *aff'd*, 303 Fed. Appx. 416 (9th Cir. 2008).

[5]The Fourth Amendment prohibits the use of excessive force arising in the context of an arrest or investigatory stop of a free citizen. *See Graham*, 490 U.S. at 395.

that Kekahuna "grabbed . . . Jim [from] the back and pulled him [a]way [from] the establishments [where he was buying pastries] to [the] ground," thereby causing an elderly, handicapped Jim to be moved "along the ground 20 feet[.]"  Compl. ¶ 11, Dkt. No. 1-2.  However, as previously noted, Plaintiffs' Section 1983 claims will not lie against private parties, such as Kekahuna.  Accordingly, Plaintiffs fail to state a valid Section 1983 claim for violation of the Fourth Amendment.

In short, Plaintiffs fail to set forth factual content allowing the Court to draw the reasonable inference that any named defendant is liable for any misconduct alleged in Counts V–VII under 42 U.S.C. § 1983.  However, because additional facts may be available to overcome the aforementioned defects, the Court dismisses these claims without prejudice.

## III.   <u>Subject Matter Jurisdiction is Lacking</u>.

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."  *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) (citing *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1559 (9th Cir. 1987)).  At the pleading stage, a plaintiff must allege sufficient facts to show a proper basis for the Court to assert subject matter jurisdiction over the action.  *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); FRCP 8(a)(1).

Without a Section 1983 claim to anchor this Court's jurisdiction and because no other basis for original jurisdiction exists, *see* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), the Court turns to whether to exercise supplemental jurisdiction over Plaintiffs' remaining claims, all of which involve matters of state or common law. 28 U.S.C. § 1367(c)(3); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (citing *Bell v. Hood*, 327 U.S. 678, 681–85 (1946)). The exercise of jurisdiction over any of these remaining claims is a matter of the Court's discretion.[6] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right[;] [i]ts justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them.") (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

---

[6]The Court does not reach the question of whether these claims are sufficiently pled. Rather, the Court declines to consider the substance of those claims further until it is satisfied of its jurisdiction over the matter. *See Ruhrgas*, 526 U.S. at 583–84 ("[S]ubject-matter delineation must be policed by the courts on their own initiative even at the highest level.") (citing *Steel Co.*, 523 U.S. at 94–95; FRCP 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); 28 U.S.C. § 1447(c) (1994 ed., Supp. III) ("If at any time before final judgment [in a removed case] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")).

Although neither retention nor remand is mandatory, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded on other grounds by statute as recognized* in *Fent v. Okla. Water Res. Bd.,* 235 F.3d 553, 557 (10th Cir. 2000). That is precisely the case here. Under the circumstances, neither fairness, nor judicial economy, nor convenience to the parties counsel in favor of retaining jurisdiction. Indeed, this case was originally filed in state court and is still in its infancy. Moreover, insofar as the remaining claims concern alleged state law violations, "decisions of state law should be avoided both as a matter of comity and to promote justice between the parties by procuring for them a sure-footed reading of applicable law." *Gibbs*, 383 U.S. at 726.

If Plaintiffs fail to amend their complaint in the manner discussed below, this action will be dismissed with prejudice or remanded to state court. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 637 (2009) (holding that a district court may properly remand a removed case to state court after declining to exercise supplemental jurisdiction over the state law claims); *Gibbs*, 383 U.S. at 726 ("Certainly, if the federal claims are dismissed before trial, even though not

insubstantial in a jurisdictional sense, the state claims should be dismissed as well.") (citing *Wham-O-Mfg. Co. v. Paradise Mfg. Co.*, 327 F.2d 748, 752–54 (9th Cir. 1964)).

## IV.  <u>Limited Leave to Amend is Appropriate.</u>

Under FRCP 15(a)(2), once a responsive pleading has been filed, a party "may amend its pleading only with the opposing party's written consent or the court's leave," which should be given "freely . . . when justice so requires." *See Joy v. Hawaii*, 2008 WL 4483798, *2 (D. Haw. Sept. 26, 2008) ("[T]he underlying purpose of Rule 15(a) . . . was to facilitate decisions on the merits, rather than on technicalities or pleadings.") (quoting *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004)).

"Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman*, 371 U.S. at 182) (some brackets omitted); *Finazzo v. Hawaiian Airlines*, 2007 WL 1080095, *5 (D. Haw. Apr. 6, 2007) (citing *Foman*, *supra*).  "Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous[] or made as a dilatory

maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973).

Here, there is no evidence of undue delay, bad faith, or dilatory motive on the part of Plaintiffs. Additionally, the case is still in its infancy, and the Court finds that allowing Plaintiffs one opportunity to amend their claims will not unduly prejudice Defendants. Accordingly, the Court GRANTS LEAVE TO AMEND and allows Plaintiffs an opportunity to allege a Section 1983, or other federal, claim within thirty days from the date of this Order.

If Plaintiffs choose to file an amended complaint, they must write in short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right Plaintiffs believe was violated—including by separately identifying each theory of liability under Section 1983 on which their claims rely; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiffs' rights; and (6) what specific injury Plaintiffs suffered because of that defendant's conduct. Plaintiffs must repeat this process for each person or entity that they name as a defendant. *See Nichols*, 355 F. Supp. 2d at 1165. If Plaintiffs fail to affirmatively link the conduct of each named defendant with the specific injury they suffered, the allegation against that defendant will be dismissed for failure to state a claim.

Any amended complaint must designate itself as the "First Amended Complaint" and may not incorporate any part of the original complaint (Dkt. No. 1-2); rather, any specific allegations must be re-written in their entirety. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in unrelated part by Lacey v. Maricopa Cty.*, 693 F.3d 896, 927–28 (9th Cir. 2012) (en banc).  Plaintiffs may include only one claim per count.  Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928.  Failure to file an amended complaint consistent with the guidance provided by this Order will result in the dismissal of this action with prejudice or a remand to State Court.

//

//

//

//

//

//

//

//

//

//

## CONCLUSION

The Court hereby DISMISSES without prejudice the claims in the original Complaint (Dkt. No. 1-2) and GRANTS Plaintiffs leave to file a First Amended Complaint, consistent with the terms of this Order, by September 6, 2018.

IT IS SO ORDERED.

DATED: August 7, 2018 at Honolulu, Hawaiʻi



Derrick K. Watson
United States District Judge

---

*Jim and Young v. State of Hawaii, et al.,* CIV. NO. 18-00076 DKW-RLP, **ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND**