UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| HAROLD UHANE JIM and CHRISTOPHER YOUNG,<br><br>              Plaintiffs,<br><br>  vs.<br><br>STATE OF HAWAII - DEPARTMENT OF HAWAIIAN HOME LANDS, COUNTY OF HAWAII, HARRY KIM, JOBIE MASAGATANI, MAKUʻU FARMERS MARKET ASSOCIATION, PAULA KEKAHUNA, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, and DOE GOVERNMENT ENTITIES 1-10,<br><br>              Defendants. | CIVIL NO. 18-00076 DKW-RLP<br><br>**ORDER REMANDING CASE** |

On January 23, 2018, Pro Se Plaintiffs Harold Uhane Jim and Christopher Young filed a Complaint (Dkt. No. 1-2) initiating the instant lawsuit in the Circuit Court of the Third Circuit, State of Hawaii. On February 28, 2018, Defendants County of Hawaiʻi and Harry Kim ("County Defendants") removed the matter to this Court. Dkt. No. 1. The County Defendants, and Defendants State of Hawaii Department of Hawaiian Home Lands (the "Department") and Jobie Masagatani

(collectively "State Defendants"), then filed separate-but-related motions to dismiss the complaint. Dkt. No. 6 and 9. On August 8, 2018, the Motions to Dismiss were granted in part, dismissing with prejudice claims against official-capacity defendants as barred by Eleventh Amendment immunity. The remaining claims, pleaded under Section 1983, were dismissed without prejudice, and Plaintiffs were permitted 30 days' leave to amend the Complaint. Dkt. No. 24. The Court cautioned Plaintiffs that failure to file an amended complaint by September 6, 2018, would result in the dismissal or remand of this action.

On August 6, 2018, Plaintiffs filed an interlocutory appeal in the Ninth Circuit, appealing this Court's June 8, 2018 Order denying the Plaintiffs' request for an extension of time and this Court's June 13, 2018 Order denying Plaintiffs' Motion to Remand.

As stated in the August 8, 2018 Order, the deadline to file the amended complaint in this Court was September 6, 2018. As of the date of this Order, plaintiffs have not filed an amended complaint, nor have they responded to the August 8 Order in any other fashion. As a result, no federal claims remain.

Because federal claims are no longer at issue, and because no other basis for original jurisdiction exists, the Court turns to whether to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3). Where, as here, all federal claims are dismissed before trial, the

exercise of jurisdiction over the remaining state claims is a matter of the Court's discretion. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

Although neither retention nor remand is mandatory, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded on other grounds by statute as recognized in Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557 (10th Cir. 2000).

That is precisely the case here. Under the circumstances, neither fairness, nor judicial economy nor convenience to the parties counsel in favor of retaining jurisdiction. This case was originally filed by Plaintiffs in state court and is still in its infancy. This Court has yet to invest the significant time that might counsel in favor of retaining the state law claims. Moreover, the remaining claims concern alleged state-law violations and "decisions of state law should be avoided both as a matter of comity and to promote justice between the parties by procuring for them a sure-footed reading of applicable law." *United Mine Workers*, 383 U.S. at 726. Having carefully considered the relevant factors, the Court declines to exercise supplemental jurisdiction over the remaining state-law causes of action and remands them to the state court from which they came. *See Carlsbad Tech., Inc. v.*

3

*HIF Bio, Inc.*, 556 U.S. 635, 637 (2009) (a district court may properly remand a removed case to state court after declining to exercise supplemental jurisdiction over the state law claims).

On the basis of the foregoing, the Court REMANDS the remaining state-law claims to the Circuit Court of the Third Circuit, State of Hawaii. The Clerk of Court is directed to send a certified copy of this order to the Circuit Court of the Third Circuit, State of Hawaii.

IT IS SO ORDERED.

DATED: September 18, 2018 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Jim and Young v. State of Hawaii, et al.,* CV. NO. 18-00076 DKW-RLP; **ORDER REMANDING CASE**